**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | |
|---|---|
| **DAYNA HICKS** <br> 6605 LINCOLN DRIVE <br> PHILADELPHIA, PA 19119 <br><br> & <br><br> **TERRY BYRD** <br> 216 PARK STREET <br> SHELBY, NC 20150 <br><br> PLAINTIFFS <br><br> v. <br><br> **PEP-UP, INC.** <br> 24987 DUPOINT HIGHWAY <br> GEORGETOWN, DE 19994 <br><br> & <br><br> **WALTON GOLMAN** <br> 30130 SAXIS ROAD <br> TEMPERANCEVILLE, VA 23442 <br><br> DEFENDANTS. | Civil Action No. 1:19-CV-678 |

**COMPLAINT AND REQUEST FOR JURY TRIAL**

The Plaintiffs, Dayna Hicks and Terry Byrd, by and through their attorneys, Jonathan E. Yoffe, and Ezrine, Castro & Stavisky, P.A., respectfully allege as follows:

**NATURE OF ACTION**

1. This is a civil action for personal injuries suffered by Plaintiffs Dayna Hicks and Terry Byrd against Defendants Pep-up, Inc. [hereinafter "Pep-up"] and Walton Golman.

**PARTIES**

2. Plaintiff Dayna Hicks is a resident of Philadelphia County, Pennsylvania.

3. Plaintiff Terry Byrd is a resident of Cleveland County, North Carolina.

4. Defendant Pep-up Inc. is a Delaware company with its principal place of business located in Sussex County, Delaware and has a resident agent in Wicomico County, Maryland.

5. Defendant Walton Golman is a resident of Accomack County, Virginia.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount of controversy exceeds Seventy-Five Thousand Dollars ($75,000) and the parties have complete diversity.

7. Venue is proper in this district because the cause of action arose in the State of Maryland, pursuant to 28 U.S.C. § 1391(b)(2).

8. Venue is proper in this division, pursuant to Local Rule 501.

## STATEMENT OF FACTS

9. That on or about March 8, 2016, at approximately 3:45 p.m., Plaintiff Terry Byrd was traveling in a motor vehicle operated by Plaintiff Dayna Hicks, owned by her employer, Greyhound, and was traveling southbound on Ocean Highway near Old Virginia Road, in Worcester County, Maryland.

10. At the same time and place, aforesaid, Defendant Walton Golman was operating a propane tanker owned by Defendant Pep-up, Inc., and was also traveling southbound on Ocean Highway, directly behind the Plaintiffs.

11. That at all times material, Defendant Golman was acting as the agent, servant and employee of Defendant Pep-up, and was operating said vehicle with its permission.

12. Suddenly and without warning, Defendant Golman struck the rear of the Plaintiffs' vehicle.

## COUNT ONE: HICKS V. PEP-UP, INC. AND GOLMAN

(Plaintiffs incorporate herein by reference as if set out in full the allegations contained above in paragraphs 1 through 12).

13.     That at the occurrence herein, Defendant Golman had a duty of care to operate his vehicle in a careful and prudent manner, and breached this duty by operating said vehicle in a careless, reckless and negligent manner in that he failed to keep a proper lookout, failed to keep proper control over his vehicle, failed to reduce his speed to avoid a collision, was operating his vehicle at a speed greater than reasonable, and Defendant was in other ways careless, reckless and negligent by striking the rear of another vehicle.

14.     That as a direct and proximate result of the negligence of Defendant Golman, aforesaid, Plaintiff Hicks was caused to sustain severe, painful and permanent injuries to her head, neck, body and limbs; was in fact caused to suffer great physical pain and mental anguish as a result of her injuries; was in fact caused to undergo the pain, aggravation and inconvenience of treatment of her injuries by hospitals, doctors and other medical providers; was in fact caused to incur great expense for said medical treatment; was in fact caused to suffer a loss of gainful employment with resultant loss of income; and Plaintiff was in other ways caused to be precluded from engaging in and attending to her ordinary daily activities and pursuits.

15.     That all said losses and damages are in fact the proximate and direct result of the negligence of Defendant Golman, without any fault or negligence on the part of the Plaintiff contributing thereto, directly or indirectly.

16.     That Defendant Pep-up is vicariously liable for the negligence of its agent, servant and/or employee, Defendant Golman.

**WHEREFORE**, Plaintiff Dayna Hicks respectfully requests this Honorable Court to enter a judgment in her favor against the Defendants, Pep-up, Inc., and Walton Golman, in the amount of One Million Dollars ($1,000,000.00), plus court costs; and Plaintiff seeks such further relief as this Honorable Court may deem necessary, proper and just.

### COUNT TWO: BYRD V. PEP-UP, INC. AND GOLMAN

(Plaintiffs incorporate herein by reference as if set out in full the allegations contained above in paragraphs 1 through 12).

17. That at the occurrence herein, Defendant Golman had a duty of care to operate his vehicle in a careful and prudent manner, and breached this duty by operating said vehicle in a careless, reckless and negligent manner in that he failed to keep a proper lookout, failed to keep proper control over his vehicle, failed to reduce his speed to avoid a collision, was operating his vehicle at a speed greater than reasonable, and Defendant was in other ways careless, reckless and negligent by striking the rear of another vehicle.

18. That as a direct and proximate result of the negligence of Defendant Golman, aforesaid, Plaintiff Byrd was caused to sustain severe, painful and permanent injuries to her head, neck, body and limbs; was in fact caused to suffer great physical pain and mental anguish as a result of her injuries; was in fact caused to undergo the pain, aggravation and inconvenience of treatment of her injuries by hospitals, doctors and other medical providers; was in fact caused to incur great expense for said medical treatment; was in fact caused to suffer a loss of gainful employment with resultant loss of income; and Plaintiff was in other ways caused to be precluded from engaging in and attending to her ordinary daily activities and pursuits.

19. That all said losses and damages are in fact the proximate and direct result of the negligence of Defendant Golman, without any fault or negligence on the part of the Plaintiff contributing thereto, directly or indirectly.

20. That Defendant Pep-up is vicariously liable for the negligence of its agent, servant and/or employee, Defendant Golman.

**WHEREFORE**, Plaintiff Terry Byrd respectfully requests this Honorable Court to enter a judgment in her favor against the Defendants, Pep-up, Inc., and Walton Golman, in the amount of One Million Dollars ($1,000,000.00), plus court costs; and Plaintiff seeks such further relief as this Honorable Court may deem necessary, proper and just.

## REQUEST FOR JURY TRIAL

Plaintiffs request that this case be tried by and before a jury.

Respectfully submitted,

/s/

Jonathan E. Yoffe, Esquire        Bar No. 29716
Ezrine, Castro & Stavisky, P.A.
1206 St. Paul Street
Baltimore, Maryland 21202
Phone: (410) 669-0098
Fax: (443) 573-9066
jyoffe@ecslawmd.com
**Attorney for the Plaintiffs**